**WALLER et al. v. HUMPHREYS et ux.**

No. 10439.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1943.

Wm. Estopinal, of Gulfport, Miss., for appellants.

W. L. Guice, of Biloxi, Miss., and R. W. Thompson, Jr., of Gulfport, Miss., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

These are consolidated suits to recover minimum wages and overtime under Sections 6 and 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The case was heard without a jury, and on the facts found it was held the plaintiffs were not within the Act and judgment went for defendants. This appeal is from that judgment.

The defendants operated a seafood packing and processing plant at Gulfport, Mississippi, but only during the shrimp and oyster seasons. The products were sold and shipped in interstate commerce. The plaintiffs were employed during the night, their duties being to watch the premises, take note if fishing boats came in with a catch for the next day's operations, and if so to raise steam on the boilers at two o'clock A. M. with which to operate the machinery and cure the fish, notify the other employees at the proper hour by blowing the whistle and keep the steam up until relieved by the regular firemen about six A. M. They came on duty again at five P. M., and cooled off the boilers, and washed them out if they needed it, and during the night mixed the brine for the next processing. Outside of the watching, their duties occupied only four or five hours per night. When no processing was going on, they did nothing but watch.

The sole business of this plant was the production of goods for commerce; and everyone who had an essential or necessary part in the processing of the fish would ordinarily be under the Act. These plaintiffs were substantially engaged in work necessary to the processing, for without steam and brine the work could not go on. Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638. They were as truly producing goods for commerce, as defined by the Act, as were the employees who applied the steam and brine to the fish. Their time spent in watching was not so clearly a part of this work, but it too was necessary, to prevent miscarriages and interruptions. An employee in charge of an engine or other machine is often for hours at a time only watching it.

■ But Congress made a very broad exemption from the Act which applies here: 29 U.S.C.A. § 213. "The provisions of sections 206 and 207 [1] of this title shall not apply with respect to * * * (5) Any employee employed in the catching * * * of any kind of fish, shell fish, crustacea * * * and including employment in the * * * packing of such products for shipment or in * * * processing, marketing, freezing, canning, curing, storing, or distributing the above products or by-products thereof." We agree with the District Judge that these petitioners, like the day workers at this plant, were employed in processing and curing these shell fish, and like them are exempted from the Act.

■ During work weeks, if any, in which there was no processing going on, and hence only watching was done by the plaintiffs, they do not come under the Act because they were not employed in commerce, and were not producing any goods for commerce.

Judgment affirmed.

---

[1] These are Sections 6 and 7 of the Act fixing minimum wages and maximum hours.